36828. SCARBOROUGH *v.* TALLEY *et al.*

DECIDED SEPTEMBER 16, 1957.

*C. C. Crockett,* for plaintiff in error.

*H. Dale Thompson, Carl K. Nelson, Nelson & Nelson,* contra.

GARDNER, P. J. 1. The evidence is amply sufficient to support the verdict.

2. Special ground 1 contends that the court did not completely and fully instruct the jury on the law of the case. Special ground 3 is very similar. Both of these grounds are intermingled with the general grounds and show no cause for reversal.

3. Special ground 2 contends that a new trial should be granted because the court in instructing the jury unduly stressed the fact that the plaintiff could not recover if the plaintiff did not exercise ordinary care to avoid injury to himself and property. Special ground 4 contends that a new trial should be granted because the court did not give sufficient instructions to the jury as to what facts would constitute negligence on the part of the defendants. When we consider the charge of the court as a whole on these points, which are closely interrelated, we find that special grounds 2 and 4 are not meritorious.

4. Special ground 5 contends that a new trial should be granted because Edgar Talley, one of the defendants, had testified that he employed Carl K. Nelson, who was representing him in this case and was then examining Talley as a witness, to bring suit for him against Mr. Scarborough for his wife, Mrs. Talley, and minor daughter, Willene. This witness then testified: "And when this suit was filed, he filed a cross-action for Mrs. Talley and Willene. These claims have been settled. He signed releases to the attorney for Mr. Scarborough's insurance company. The cross-actions have been settled satisfactory. I do not recall the exact date that they were paid off. I could go back and get my deposits and clarify that if it's necessary." The plaintiff contends that "neither the plaintiff nor anyone representing him

had anything to do with the settlement and paying off of the counter-claim or even had any knowledge of the settlement. The pleadings showed that the counter-claim was dismissed. The plaintiff moved to rule out all of this testimony. The court made this ruling: 'I think it would be admissible on this idea. They file a cross-action against Mr. Scarborough and they abandoned that and consequently the jury won't have to consider it at all. I think it would be admissible to show why they abandoned that cross-action.' Movant contends that this ruling was error and the admission of this testimony was harmful and that the court in effect held that this testimony was admissible over any objection. Movant contends that it was improper and harmful to the plaintiff for the defendant to show why the defendants abandoned the cross-action and the record showed the fact that the cross-action was abandoned. Further, it was harmful and improper to prove to the jury that the insurance company insuring the liability of Scarborough had paid the claim against him; that this was an admission of liability on their part and amounted to evidence from a third person as to negligence on the part of Scarborough. It was not an issue as to why the defendants abandoned the cross-action. It was sufficient that they did, yet the court was holding that the evidence was admissible to show why the cross-action was abandoned. This testimony swayed the jury against Scarborough and away from the true issues in the case when it was shown that the insurance company paid off and the cross-action was settled 'satisfactory' to Talley."

The court approved special ground 5 with provisions, using the following language: "The recital of facts contained in the foregoing amendment for a new trial is approved as true and correct contentions and all of the grounds of the amendment are approved as contentions of movant, under the following provisions: None of the testimony or contentions complained of in ground 5 were objected to on direct examination as disclosed by the record. After direct examination Mr. Crockett asked the witness, Mr. Talley, the following questions and then made his objection: Q. Mr. Talley, did Mr. Scarborough have an attorney when that was settled? A. I have no knowledge of who had anything to do with it except that I met with this attorney, who I think

was the third attorney that they had had for this case; he came down from Macon the second time. Q. Was Mr. Scarborough or I there? A. No, you were not present, and neither was Mr. Scarborough. By Mr. Crockett: 'I move to rule it all out.' At this stage the court made the ruling complained of in ground 5 of the amended motion." We have considered the exclusion provisions of the court and the motion as it originally stood. Under the pleadings and the facts this special ground is not meritorious.

The court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*